(Decided 22nd May, 1884.)

ELIJAH HIGNUTT, Adm'r of WILLIAM P. BUTLER *vs.* MARY V. CRANOR, CHARLES CRANOR, and others.

*Pleadings in the Orphans' Court—Demurrer to Petition—Proceedings under Sections 238 and 239 of Article 93 of the Code—Appeal provided by Section 240 of Article 93 of the Code—What is required to make out a case against an Administrator under Sec. 239 of Art. 93 of the Code.*

A demurrer to a petition in the Oprhans' Court must be regarded and treated as an answer, or an objection to the jurisdiction of the Court, or as an exception to the sufficiency of the averments of the petition to make out a case against the exceptant under any provision of the testamentary law.

Hignutt, Adm'r *vs.* Cranor, *et al.*

The appeal provided by section 240 of Article 93 of the Code, to the Circuit Court of the County or the Superior Court of Baltimore City, applies to all and every proceeding instituted under either of the two preceding sections, and is *exclusive* of all other appeals; so that in no event can an appeal in any such case be taken to this Court under section 39 of Article 5 of the Code.

In order to make out a case against an administrator under section 239 of Article 93 of the Code, it must be alleged and proved that he is himself the party concealing or omitting to return property which he has in his own hands, or that he is *particeps criminis,* or acting in collusion with some other party by and through whom the concealment, or possession and retention of the property is actually effected. If such collusion exists, he is just as responsible as if he were alone the guilty party.

It is not a sufficient allegation of collusion or connivance on the part of the administrator, to state that he has failed to charge himself in his inventory of cash on hand with a sum of money of which his intestate died possessed, "and which is *retained and concealed* by the widow of the deceased."

There is no provision in the testamentary law by which an administrator can be compelled by the Orphans' Court to charge himself with money "retained or converted" by a third party without any collusion, connivance, or guilty knowledge on his part.

APPEAL from the Orphans' Court of Caroline County.

The case is stated in the opinion of the Court.

The cause was submitted to ALVEY, C. J., MILLER, ROBINSON, IRVING, RITCHIE, and BRYAN, J.

*M. S. Mutchler,* and *Philip Downes,* for the appellant.

*Joshua W. Bryant,* and *George W. Russum,* for the appellees.

MILLER, J., delivered the opinion of the Court.

It appears from this record that William P. Butler, of Caroline County, died on the 1st of July, 1883, intestate,

leaving a widow, Margaret D. Butler, and several heirs-at-law or next of kin.   On the 17th of July, 1883, letters of administration on his personal estate were granted to Elijah Hignutt, and on the 3rd of January, 1884, three of the heirs-at-law filed a petition in the Orphans' Court, in which they charge that the "administrator in his inventory of cash on hand has failed to charge himself with two thousand dollars in money, of which the said William P. Butler died possessed, and which is retained or concealed by Margaret D. Butler, widow of the deceased." The petition then prays that the administrator shall charge himself with the aforesaid two thousand dollars, and that both he and the widow may be summoned to appear and answer the premises under oath.

Each of the parties appeared, and each filed what is, in form, a demurrer, alleging that he is advised he is not required by law to answer the petition under oath or otherwise.   But as common law pleading has never been introduced or found applicable in the Orphans' Courts, and therefore a demurrer technically considered has no place there (*Munnickhuysen, et al. vs. Magraw,* 57 *Md.,* 193,) what is here in form a demurrer must be regarded and treated as an answer, or an objection to the jurisdiction of the Court, or, perhaps more properly, as an exception to the sufficiency of the averments of the petition to make out a case against him under any provision of the testamentary law.

The Orphans' Court, after having heard arguments of counsel on both sides, passed an order on the 11th of March, 1884, sustaining the objections taken by the widow and dismissed the petition as to her, but overruled that taken by the administrator, and required him to answer the petition on or before the 25th of March, 1884, and from that order, the administrator has taken an appeal to this Court.

Looking to the allegations of the petition and the relief prayed for, it seems to us that the only provision in the

testamentary law upon which such a proceeding against an administrator can be founded, is that contained in section 239, of Article 93, of the Code. By the preceding section 238, it is provided that "if an administrator shall believe that any person conceals any part of his decedent's estate, he may file a petition in the Orphans' Court of the county in which he obtained administration, alleging such concealment, and the Court shall compel an answer thereto on oath," &c., and by section 239, the provisions of the preceding section "are extended to all cases where any person interested in any decedent's estate, shall by bill or petition allege that the administrator has concealed, or has in his hands and has omitted to return in the inventory or list of debts, any part of his decedent's assets," &c. Now it appears to us that it was the intention of the draughtsman of this petition, as well as of the petitioners themselves, to make a case against the administrator under that section; and we are of opinion it must be regarded and treated as a proceeding thereunder. That being so, an appeal is provided by section 240, to the Circuit Court of the county or the Superior Court of Baltimore City. And the appeal thus provided applies to all and every proceeding instituted under either of the two preceding sections, and it is *exclusive* of all other appeals, so that in no event can an appeal in any such case be taken to this Court under section 39, of Article 5, of the Code. Such is the express decision of this Court in the two cases of *Worthington, Adm'r of Warden vs. Hernon,* 39 *Md.,* 145, and *Abbott, Ex'r vs. Golibart,* 39 *Md.,* 554.

This appeal must therefore be dismissed, but in doing so, we deem it proper to express our opinion as to the sufficiency of the petition as it stands, so that it may serve as a guide to the Orphans' Court in the further progress of the case. The allegations of the petition are obviously defective. In order to make out a case against an administrator under section 239, it must be alleged and proved

that he is himself the party, concealing or omitting to
return property which he has in his own hands, or that
he is *particeps criminis*, or acting in collusion with some
other party by and through whom the concealment, or
possession, and retention of the property is actually effected.
If such collusion exists, he is, in our judgment, just as
responsible as if he was alone, the guilty party. But this
petition fails to charge any such collusion, or collusive
action, or connivance on his part. The allegation simply
is that he has failed to charge himself in his inventory of
cash on hand, with the sum of $2000, of which his intes-
tate died possessed, "and which is *retained or concealed*
by Margaret D. Butler, widow of the deceased." We find
no provision in the testamentary law, by which an admin-
istrator can be compelled by the Orphans' Court to *charge
himself* with money "retained or concealed" by a third
party without any collusion, connivance, or guilty know-
ledge on his part. If he fails to exercise due diligence in
collecting and taking possession of all the personal estate
of the decedent, or in any other way neglects to discharge
his duty faithfully in this respect, the injured parties have
a remedy by resort to the bond which he has given for
the faithful performance of the duties of his office. If he
fails to render his accounts regularly as required by sec-
tions 1 and 2, his letters may be revoked as provided in
section 3. The general supervisory powers of the Orphans'
Courts "to direct the conduct and settling the accounts of
executors and administrators," and "to examine, hear and
decree upon all accounts, claims and demands, existing
between legatees or persons entitled to any distributive
share of an intestate's estate, and executors and adminis-
trators, and to enforce obedience to and execution of their
·decrees in the same ample manner as Courts of equity,"
·do not extend to a case like the present. In the case of
*Muncaster, Ex'r of Magruder vs. Muncaster and Wife,* 23
*Md.,* 286, this Court merely decided that the powers given

by these sections, were sufficient to authorize the Orphans' Court to compel the executor of a deceased administrator " to render an account showing the amount of the assets received, and the payments made by his decedent," as he was expressly required to do by section 11, but that case is very different from this.

We are, therefore, of opinion that it will be proper for the Orphans' Court in the further progress of the case, to require the petitioners to amend their petition by making the charges of collusion against the administrator as we have above indicated, and as it was doubtless their intention to have made.

*Appeal dismissed.*

