JOSEPH McAVOY, Administrator of the Estate of Hugh McAvoy, Deceased, *vs.* ALOYSIUS H. RENEHAN.

*Administrators: concealment of assets; proceedings under secs. 243 and 244 of Art. 93 of Code; refusal of Orphans' Court to send issues to court of law; no appeal to the Court of Appeals.*

Where, under sections 243 and 244 of Article 93 of the Code of Public General Laws, a distributee charges an administrator with concealment of assets, no appeal by the latter will lie to the Court of Appeals from the refusal of the Orphans' Court to receive his answer and grant his application for issues to be sent to a court of law.                    ‹     p. 336

The appeal thus specially prescribed for this kind of cases excludes the general right of appeal to the Court of Appeals from order of the Orphans' Court under section 60 of Article 5 of the Code.                    p. 335

In such a case, where there was a dispute as to the right of the administrator to have issues framed after the trial was in progress, it was *held,* that a question was raised which it was the duty of the Orphans' Court to determine.        p. 337

In such a case the Orphans' Court has a judicial function to perform.                    p. 337

*Decided June 24th, 1911.*

Appeal from the Orphans' Court for Howard County.

The cause was argued before Boyd, C. J., Briscoe, Pattison, Urner and Stockbridge, JJ.

*Joseph L. Donovan* and *E. Allen Sauerwein,* for the appellant.

*John G. Rogers,* for the appellee.

URNER, J., delivered the opinion of the Court.

This is a proceeding by a distributee, under section 243 of Article 93 of the Code, charging an administrator with concealment of assets, and the latter has appealed from the refusal of the Orphans' Court to receive his answer and grant his application for issues to be sent to a Court of law for trial. There is a motion to dismiss the appeal on the ground that the exclusive right of appellate review in a case of this nature is vested by statute in the Circuit Court of the county in which the suit is pending. In opposition to the motion to dismiss it is contended that the Orphans' Court was without jursdiction to take the action we are asked to reverse and that an appeal therefore lies to this Court.

Upon the filing of the petition against the administrator an order was passed requiring him to appear on a designated date to answer the petition to the end that the Court might consider its allegations and pass a proper decree in the premises. On the appointed day one of the counsel for the administrator appeared and applied for a continuance upon the ground that he and his associate had not had an opportunity to confer with their client. This application was denied, and the Court thereupon proceeded to hear testimony on behalf of the petitioner. The counsel for the respondent, upon the refusal of his request for a postponement, declined to participate in the hearing and retired from the Court, but later during the session he returned and cross-examined one of the witnesses. Before the examination was concluded a recess was taken, and when the Court reconvened an answer was filed on behalf of the administrator denying generally the averments of the petition and praying for issues to the Circuit Court. A motion that this be not received was granted. An adjournment then occurred during which an unsuccessful application was made to the Circuit Court for a mandamus to compel the Orphans' Court to comply with

the requisition for issues.  When the hearing was resumed
in the latter Court the administrator presented a more formal
answer than the first, concluding with a renewal of his
demand for issues to be tried by a jury, but an objection to
its reception was made and sustained.  From this and the
preceding adverse action the appeal now before us was imme-
diately entered.  The hearing then proceeded, but without
participation by the appellant.  An order was eventually
passed requiring the administrator to file another and true
inventory of the estate and to report under oath what dis-
position he had made of the assets alleged to have been con-
cealed and what amount he had realized from any he may
have sold, or, as an alternative provision, that he bring into
Court a specified sum of money for distribution.  There has
been no appeal from this order.  The sole question, therefore,
to be determined on the motion to dismiss is whether this
Court has jurisdiction to entertain an appeal from the
refusal of an Orphans' Court to receive an answer contain-
ing a demand for issues in a proceeding like the present.

It is provided that: "If upon the answer to any petition
or bill filed" in such a case "either party shall require it,
the Court shall cause an issue or issues to be made up and
sent to the Circuit Court for the county, or the Superior
Court of Baltimore City, the Court of Common Pleas, or the
Baltimore City Court, as the case may be, to be there tried
and disposed of as other issues from the Orphans' Court;
and either party to such bill or petition may appeal to the
Circuit Court for the county or the Superior Court of Bal-
timore City." *Code,* Article 93, Section 244.  It has been
held that the appeal thus specially prescribed for this class
of cases is exclusive of the general right of appeal to this
Court from orders of Orphans' Courts under section 60 of
Article 5 of the Code, which provides that: "From all
decrees, orders, decisions and judgments, made by the
Orphans' Court, the party who may deem himself aggrieved
by such decree, order, decision or judgment, may appeal to
the Court of Appeals." *Hignutt* v. *Cranor,* 62 Md. 216;

*Linthicum* v. *Polk,* 93 Md. 91; *Stonesifer* v. *Shriver,* 100 Md. 27; *Abbott* v. *Golibart,* 39 Md. 554; *Worthington* v. *Herron,* 39 Md. 145. In the case last cited it was said: "If the right of appeal had not been expressly given to the Circuit Court by section 240 (now 244) of Article 93, then the broad and unqualified language of section 39 (now 60) of Article 5 would have afforded the right of appeal to this Court; but, as we have seen, the statute conferring the new jurisdiction having provided the particular mode of appeal, that mode is a negation of any other, and must be taken to be exclusive." The rule has accordingly been established by the above decisions that "in no event" can an appeal in such a proceeding as the present be taken to the Court of Appeals under the general provision mentioned.

The appeal before us, however, as we have already noted, is sought to be sustained upon the ground that the orders from which it is prayed were beyond the limits of the special jurisdiction with reference to which the appeal to the Circuit Court was provided. While it is conceded that the Court below acquired jurisdiction under the statute in question to entertain the charge of concealment of assets preferred against the administrator, the contention is made that the demand for issues divested its jurisdiction as to any further action in the case except compliance with that requirement.

In the case of *Maynadier* v. *Armstrong,* 98 Md. 175, which was a plenary proceeding for the re-opening of an administration account for alleged improper allowances, an application by one of the parties for issues to be sent to the Circuit Court was refused by the Orphans' Court on the ground that it was not made until after the commencement of the hearing. The proceeding was instituted, and the demand for issues was made, under sections 253 and 254 of Article 93 of the Code, in connection with which no special mode of appeal is prescribed; and the question being brought to this Court for review it was held that the action of the Orphans' Court in refusing issues under the circumstances

was proper. The statute provided that in such cases "if either party require it, the Court shall direct an issue or issues to be made up and sent to any Court of law convenient for trying the same," but it was said by this Court that the provision just quoted "does not require the Orphans' Court to stop investigations being made before it, as these were, and send to a Court of law issues for the determination of such questions as those proposed in this petition, when that investigation is being made under a plenary proceeding, and the parties had elected to try the questions before the Court." This decision is conclusive to the effect that an Orphans' Court has a judicial function to perform when issues to a Court of law are demanded. While its refusal to transmit issues would, except under special circumstances, be erroneous and subject to reversal by the appropriate appellate Court, yet its action in deciding the question presented by the application is clearly within the bounds of its jurisdiction.

In this case there was a dispute as to the right of the respondent to have issues framed after the trial was in progress. A question was thus raised which it was the duty of the Orphans' Court to determine. If it had overruled the objection and granted the issues, its action would concededly have been reviewable only in the Circuit Court, and it is clear that the appeal from a contrary decision should have been directed to the same tribunal.

While it will be necessary to dismiss the appeal, it does not appear that the appellant is precluded from making a defence on the merits, as the order passed upon the petitioner's testimony only requires the administrator to file a true inventory and to report what he has done with the assets in dispute, and does not definitely and finally adjudicate the controversy.

*Appeal dismissed.*