GEORGEANNA BOWERS, Administratrix of William Thomas Bowers,

*vs.*

JOHN H. COOK and SAMUEL M. LUCAS.

*Orphans' Courts: concealment of property by administrators; title; issues; trial of—; appeals; laches.*

Under section 244 of Article 93 of the Code, the Orphans' Courts have jurisdiction to determine the question of title to property alleged to be concealed by, or in the possession of, administrators, and not included in the inventory or list of debts returned by them. p. 438.

In such a case the fact that the issues present a mixed question of law and fact does not render them defective. pp. 438-439.

After the trial of the issues the administrator is not entitled to new or other issues, as to facts admissible in evidence under the issues already tried, and it is the duty of the Orphans' Court to render its judgment in accordance with the verdict of the jury certified to it. p. 439

But the administrator should be notified of the issues proposed by the petitioners, and given an opportunity to object or to propose new issues, and to exercise the right of appeal from the Orphans' Court in reference thereto. p. 440

But where the administrator participated in the trial of the issue, and for nearly a year afterward makes no petition for relief, he is guilty of laches and forfeits the right he might have had by a prompt application. p. 440

Under such sections 243 and 244, the only appeal for the administrator is to the Circuit Courts for the counties, or to the Superior Court of Baltimore City. p. 441

*Decided April 2nd 1918.*

Appeal from the Orphans' Court of Baltimore County.

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Linwood L. Clark,* for the appellant.

*T. Scott Offutt* (with whom was *Thomas H. Robinson* on the brief), for the appellees.

THOMAS, J., delivered the opinion of the Court.

William Thomas Bowers, of Baltimore County, Maryland, died leaving a last will and testament, which was duly admitted to probate by the Orphans' Court of Baltimore County on the 18th day of September, 1913, and letters of administration with the will annexed were granted to his widow, Georgeanna Bowers.

The testator devised and bequeathed his estate to John H. Cook and Samuel M. Lucas, in trust to pay the income therefrom to his said widow, as therein provided, during her life, and after her death to divide his estate between his "children or their heirs," and on the 9th of February, 1916, the trustees, who were administering the trust under the jurisdiction of the Circuit Court for Baltimore County, filed a petition in the Orphans' Court of Baltimore County alleging that

Georgeanna Bowers, administratrix, had filed what purported to be her final account, and "that the said Georgeanna Bowers * * * collected and reduced to her possession the sum of two thousand dollars ($2,000) of the proper estate and property of William T. Bowers, * * * deceased, * * * and although said money belonged to and should have been accounted for and returned by her as a part of the estate and property of William T. Bowers, her said decedent, in the inventory and other accounts filed by her in the above entitled matter, yet she failed and neglected to account for the same or any part thereof, and still fails and neglects and refuses to account for the same or any part thereof, but conceals and retains the same in her possession in violation of her duties in the premises and to the loss and injury of said estate, and that the inventory and accounts filed by her in the matter of the estate of William Thomas Bowers are false in that they did not fully and completely show the amount of the personal property of the testator which came into the hands of Georgeanna Bowers, administratrix as aforesaid, in that it does not show she received the said sum of $2,000 which in truth and fact she did receive as of the goods, chattels and property of William Thomas Bowers, deceased, and that the neglect of said administratrix to make and file an inventory of the same and to account for the same to the Court is a fraud upon your petitioners." The petition prayed the Court to pass an order requiring said administratrix to appear before the Court on a day to be therein named, "to show cause, if any she has, why the money mentioned and referred to in this petition should not be returned and accounted for to this Court as a part of the estate of her decedent, William Thomas Bowers, and her letters of administration revoked and an administrator or administrators appointed to properly administer said estate"; and on the same day the Orphans' Court passed an order as prayed. The administratrix answered the petition, alleging that she had accounted for the whole of the personal estate of the deceased and alleging, in

substance, that the $2,000.00 mentioned in the petition belonged to her and was not a part of the decedent's estate. The answer also relied upon the decision of this Court in 124 Md. 567, as having determined her right to the money mentioned in the petition. On the 25th of April, 1916, the petitioners filed a replication to the answer, and also a petition praying the Orphans' Court to send to the Circuit Court for Baltimore County for trial the following issue:

"Whether the said Georgeanna Bowers, administratrix of William Thomas Bowers, collected and reduced to her possession the sum of two thousand dollars ($2,000) of the proper estate and property of William Thomas Bowers, late of Baltimore County, deceased as aforesaid, which she conceals and refuses to account for as a part of the estate of said William Thomas Bowers."

On the same day the Orphans' Court passed an order directing that the issue as framed by the petitioners be sent to the Circuit Court for trial, and that in the trial thereof the petitioners should be the plaintiffs and the administratrix the defendant.

The record shows that the case was removed from the Circuit Court for Baltimore County to the Circuit Court for Harford County, and that the transcript of the record was filed in the latter Court on the 25th of October, 1916; that the trial commenced on January 8th, 1917, and resulted in a verdict on January 10th, 1917, in favor of the plaintiffs.

On the 3rd of April, 1917, the administratrix filed her petition in the Orphans' Court of Baltimore County praying that Court to "rescind the issue" previously granted by it; that the verdict of the jury thereon be not received, and that said verdict be rejected as the basis of a final judgment or order in the case, and that certain issues contained in her petition be sent to a court of law for trial in lieu of the issue tried in the Circuit Court for Harford County. The petition alleged, as reasons for granting the relief prayed, that

the issue sent to the Circuit Court for trial was defective in form and presented a question of law and not an issue of fact; that "the ambiguous, complex and misleading form of this issue, considered together with the clandestine way it was put through by the petitioners, without any knowledge to the respondent or her attorney, until called for trial in the Circuit Court, which fact compelled the removal of said issue, represented a fraudulent and collusive attempt to confuse the issue by ambiguous and technical language, and to deliberately keep your respondent in ignorance of the request for and transmission of said issue until too late for this Court to revoke or remodel, so as to present the issue in a plain and clear way," and that " no notice having been received by her or her attorney, from any source, that she was to be or was defendant in said trial of issues, until same was peremptorily called for trial in the Circuit Court months later, your respondent could do *no more* and *no less* than defend her rights the best she could under said so-called issue, and thereafter rely upon your Honorable Court for the relief hereby prayed, the established rule of law being that 'the Orphans' Court has no power to revoke or remodel issues after they have been transmitted for trial.' " The petition prayed the Court to pass an order requiring the trustees to show cause under oath why the prayer of the petition should not be granted, and that she be given an opportunity to offer testimony in support of the facts therein alleged. The Orphans' Court accordingly passed an order requiring the trustees to show cause why the prayer of the petition should not be granted. The trustees answered denying the averments of the petition, and alleging that the issue tried in the Circuit Court was in proper form, and the Orphans' Court passed an order setting the petition for hearing on the 13th of September, 1917. At the hearing the administratrix offered to prove that neither she nor her attorney knew of the application for the issue sent to the Circuit Court at the request of the trustees, or of the transmission of said issue to the Circuit Court, until it

was called for trial in the Circuit Court for Baltimore
County; that she was taken by surprise, and in order to gain
time in which to determine what to do she had to resort to
her right of removal, and that before the jury was sworn in
the Circuit Court for Harford County her attorney announced
that his appearance at the trial was not to be construed as a
waiver of her right to move the Orphans' Court for a rescis-
sion of the issue as illegal. This evidence was objected to by
counsel for the trustees, and the objection was sustained by
the Orphans' Court, and on the 18th day of September, 1917,
the Orphans' Court passed the order, from which this appeal
was taken, dismissing the petition of the administratrix and
requiring her to pay the costs of the proceedings, and adjudg-
ing, on the verdict of the jury in the Circuit Court for Har-
ford County, which had been certified to the Orphans' Court,
that she had "collected and reduced to her possession the sum
of $2,000 of the proper estate and property of William
Thomas Bowers, late of Baltimore County, for which she
has not accounted as part of the estate of William Thomas
Bowers."

The theory of the appellant is, (1) that the only question
raised by the petition of the trustees and her answer thereto
involved the title to the $2,000 mentioned in the petition, and
that the Orphans' Court had no jurisdiction to determine that
question; and (2) that the issue sent to the Circuit Court for
trial at the instance of the trustees presented only an issue of
law, and that the verdict of the jury in the Circuit Court for
Harford County could not therefore be made the basis of an
order or judgment of the Orphans' Court.

Section 243 of Article 93 of the Code prescribes the course
to be pursued by an administrator where any person con-
ceals a part of his decedent's estate, and section 244 extends
the provisions of section 243 "to all cases where any person
interested in any decedent's estate shall by bill or petition
allege that the administrator has concealed, or has in his
hands and has omitted to return in the inventory or list of

debts any part of his decedent's assets." While the jurisdiction of the Orphans' Court under section 243 is limited to cases of concealment of assets belonging to the estate of a decedent, where no question of title to the property is involved (*Gibson* v. *Cook,* 62 Md. 260; *Linthicum* v. *Polk,* 93 Md. 84; *Dronenberg* v. *Harris,* 108 Md. 597), this Court has repeatedly decided that under section 244 the Orphans' Court *has* jurisdiction to determine questions of title to the property alleged to be concealed by, or in the possession of the administrator and not included in the inventory or list of debts returned by him. *Linthicum* v. *Polk, supra; Dronenberg* v. *Harris, supra,* and *Pratt* v. *Hill,* 124 Md. 252. The reasons for so holding are fully stated in *Linthicum* v. *Polk, supra,* where the Court, referring to section 244, said: "The plain language of that section not only applies to concealment by the administrator, but to cases in which he has omitted to return in the inventory, or list of debts, any part of his decedent's estate," and that the Orphans' Court could not "be shorn of all power to compel administrators to file true and correct inventories and lists of debts on the mere allegation of the administrator that the property belonged to him."

In *Pratt* v. *Hill, supra,* CHIEF JUDGE BOYD, speaking for this Court, quotes the statement in *Cummings* v. *Robinson,* 95 Md. 83, that in order to give the Orphans' Court jurisdiction under section 244: "It must be alleged and shown, either that the administrator 'has concealed or has in his hands and has omitted to return in the inventory or list of debts' some part of his decedent's assets." Both of these averments were made in the petition of the trustees, and *were denied by the answer* of the administratrix, who also alleged in her answer that the $2,000 mentioned in the petition was her property. The allegations of the petition, and the issue sent by the Orphans' Court to the Circuit Court for trial followed very closely the language of section 244. The fact that the issue presented a mixed question of law and fact did not render it

fatally defective. In the case of *Connelly* v. *Beall*, 77 Md. 116, CHIEF JUDGE ALVEY said: "The sixth issue is objected to as being but the mere statement of facts fully covered by, and made admissible under the second issue; and that, if the second issue be found for the caveator, it would embrace all the facts that could be given in the evidence under the sixth issue proposed. In this contention of the appellants we entirely agree. The statute has fixed the standard of mental capacity to enable a party to make a valid last will and testament. * * * This standard prescribed by the statute requires a further definition by the Court, as to what condition of mind is required to enable a party to execute a valid deed or contract. But an issue formed in the terms of the statute presents a mixed question of law and fact, and that question can always be submitted to the jury under proper instructions by the Court. This test, as prescribed by the statute, is fully presented by the second issue; and every fact that could be offered under the sixth issue can be availed of under the second," and in the later case of *McSherry* v. *Winsatt*, 116 Md. 652, the Court said: "The phraseology adopted by the Orphans' Court of Frederick County is a paraphrase of the language of the Code, Article 93, section 317, and undoubtedly the better form in which to present an issue upon the execution of a will is to adopt as near as possible the language of the statute."

The issue tried in the Circuit Court covered the entire case made by the petition of the trustees and the answer of the administratrix. After the trial of that issue, the administratrix was not entitled to new or other issues as to facts admissible in evidence under the issue already tried, and it became the duty of the Orphans' Court to render its judgment in accordance with the verdict of the jury certified to it. *Pegg* v. *Warford*, 4 Md. 385; *Levy* v. *Levy*, 28 Md. 25; *Diffenderfer* v. *Griffith*, 57 Md. 81; *Decker* v. *Fahrenholtz*, 107 Md. 522; *Pleasants* v. *McKenney*, 109 Md. 277; *Sumwalt* v. *Sumwalt*, 52 Md. 338; *Tabler* v. *Tabler*, 62 Md. 601 and *Connelly* v. *Beall*, *supra*.

The petition of the administratrix alleges in general terms that the issue sent to the Circuit Court was procured by fraud, and that she was kept in ignorance of the request for and transmission of said issue until it was called for trial. The petition does not allege of what the fraud consisted nor is there any proof to sustain the charge. She did offer to prove that she did not know that the issue had been granted until it was called for trial in the Circuit Court for Baltimore County. The record, however, shows that the case was removed by her from the Circuit Court for Baltimore County to the Circuit Court for Harford County, and that the record was filed in the latter Court on the 25th of October, 1916. There was no request for issues in the petition filed by the trustees on February 9th, 1916, which was answered by the administratrix on the 23rd of February, 1916. The petition for the issue sent to the Circuit Court was not filed until April 25th, 1916, and the issue was granted by the Orphans' Court on the same day, without, so far as the record discloses, any notice to the administratrix. This is not in accordance with the proper practice in such cases. The administratrix should have been notified of the issue proposed by the petitioners and given an opportunity to object to it, or to propose another issue in lieu thereof, and to exercise her right of appeal from the order of the Orphans' Court in reference thereto. But in this case, the administratrix knew that the issue had been granted when the case was called for trial in the Circuit Court for Baltimore County. She thereafter participated in the trial of the issue in the Circuit Court for Harford County, and did not file her petition in this case until the 3rd of April, 1917. Under these circumstances, she must be held to have been guilty of such laches as deprived her of any relief she might have been entitled to upon prompt application to the Orphans' Court, after she became aware of the granting of the issue or discovered the alleged fraud in procuring the same. *Redman* v. *Chance,* 32 Md. 42; *Munnikhuysen* v. *Magraw,* 57 Md. 172; *Pleasants* v.

*McKenny, supra.* Her title to the $2,000 was not deter-
mined in 124 Md. 567.

A motion has been made to dismiss the appeal. Section
245 of Article 93 of the Code provides that either party to a
bill or petition filed under sections 243 or 244 "may appeal
to the Circuit Court for the county or to the Superior Court
of Baltimore City," and this Court has held in numerous
cases that the appeal provided for in this section applies to
every proceeding instituted under sections 243 and 244 and
is exclusive of all other appeals. *Hignutt* v. *Cranor,* 62 Md.
219; *Linthicum* v. *Polk, supra; Stonesifer* v. *Shriver,* 100
Md. 27 and *McAvoy* v. *Renehan,* 116 Md. 333. In *McAvoy*
v. *Renehan, supra,* the proceeding was under what is now
section 244 of Article 93 of the Code, and the appeal was
from an order of the Orphans' Court refusing to receive the
answer of the administrator and to grant his application for
issues to be sent to a Court of law for trial. This Court held
that the order appealed from was only reviewable in the Cir-
cuit Court, and dismissed the appeal. The appeal in this
case must be dismissed upon the same ground.

*Appeal dismissed, with costs.*