## FLEISCHMANN *v.* MERCANTILE TRUST CO. OF BALTIMORE ET AL.

[No. 127, October Term, 1948.]

*Decided March 31, 1949.*

The cause was argued before DELAPLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*H. Mortimer Kremer* for the appellant.

*J. Crossan Cooper, Jr.* with whom were *Venable, Baetjer & Howard* on the brief, for the appellee, Mercantile Trust Co., etc.

*J. Paul Schmidt,* with whom were *Weinberg & Green, Leonard Weinberg* and *George L. Clarke* on the brief, for appellees, Edwin Fleischmann et al.

MARKELL, J., delivered the opinion of the Court.

This is an appeal from an order overruling a demurrer to the bill of complaint.

Mercantile Trust Company is the surviving trustee under the will of Albert Gottschalk and as such is administering the trust estate under the jurisdiction of the lower court. It is also conducting a general banking business.

Lillie Fleischmann died on January 15, 1948, leaving as her next of kin two sons, Albert J. Fleischmann and Edwin M. Fleischmann. Shortly after her death, two wills purporting to have been executed by her were offered for probate, one dated April 15, 1944, affirming and republishing one dated July 29, 1936, whereby she left her entire estate to Albert and appointed him executor; the other dated February 10, 1943, whereby she left her estate in equal shares to Albert and Edwin and appointed them executors. A caveat to the 1944 will by

Edwin and the Marcelle Fleischmann Foundation, Inc., now pending, states that Edwin on January 2d, 1948, assigned to the foundation all his right, title and interest in and to any legacy or devise in any will of his mother and all interest he had or might acquire in her property should she die intestate. On April 7, 1948, Albert was appointed administrator *pendente lite* of her estate.

Lillie Fleischmann kept a checking account in the Mercantile and from time to time drew checks on it. She became entitled under the will of Albert Gottschalk, upon the termination of the trusts thereunder, to certain securities, and these securities were delivered to her by the Mercantile.

The Mercantile, individually, and as trustee, filed a bill against Albert, individually and as administrator *pendente lite,* and Edwin and the Foundation, alleging the above facts and that differences had arisen between the defendants and demands had been made upon plaintiff by Edwin and the Foundation to deliver to them certain information in plaintiff's hands, consisting of (*a*) photostatic copies of certain checks upon Mrs. Fleischmann's bank account, (*b*) certain letters from her relative to the disposition of the securities to which she became entitled under the Gottschalk will and (*c*) a power of attorney executed by her to Albert; and that Albert had notified plaintiff that it should not give to Edwin or the Foundation any of the information demanded by them.

"In view of these conflicting demands and instructions" plaintiff desires the protection of the court, and requests (*a*) that the court instruct it, both in its individual capacity and as trustee, "as to what steps, if any, it should take in the premises" and (*b*) in its fiduciary capacity, that the court, pursuant to the Uniform Declaratory Judgments Act, Code 1939, art. 31A, § 1 et seq., determine and adjudicate the rights of the respective parties and (*c*) general relief.

Albert, individually and as administrator *pendente lite,* demurred to the bill.

Plaintiff admits that its bill is without precedent but contends that it can be maintained as a bill in the nature of interpleader, *State of Texas v. State of Florida*, 306 U. S. 398, 59 S. Ct. 563, 830, 83 L. Ed. 817, 121 A. L. R. 1179, or as analogous to such a bill and within the inherent power of a court of equity to devise new remedies to meet new situations. Plaintiff argues: Edwin demands information. Plaintiff faces a suit by Albert if it gives the information and a suit by Edwin if it refuses. It is in doubt as to its legal duty. It ought not to be compelled to guess and to risk liability if it guesses wrong.

It is not necessary to pass upon this argument. We may assume, for sake of the argument, that if plaintiff were confronted with two opposing demands, each involving substantial risk of being adjudged a wrongdoer, with or without pecuniary liability, and were in real doubt which demand is lawful, it would be entitled to relief by some declaratory or other adjudication of right or duty before action. But the instant case is not such a case. Neither in the bill nor in the briefs or arguments has one substantial risk of liability or wrongdoing, much less two, been shown. The information demanded by Edwin does not constitute a trade secret or other property right of Albert or his mother's estate, but mere evidence which, so far as relevant in the pending caveat case or a pending proceeding for alleged concealment of assets, we may safely say (without saying how) Edwin in one way or another will eventually be entitled to get. We see no substantial risk of liability or wrongdoing to Albert or the estate, if plaintiff gives the information without being compelled to do so. On the other hand, we see no risk in refusing to give the information until compelled by legal process to do so. It is suggested by plaintiff and by Edwin that in the latter event Edwin would file a bill for discovery against plaintiff and Albert. If we make the assumptions, that (*a*) such a bill would be within the historic equity jurisdiction for discovery alone and (*b*) such jurisdiction still exists after modern provisions, by statute or rule of court, for discovery, *cf.*

*Bachman v. Lembach,* 192 Md. 35, 42-43, 63 A. 2d 641, 644; *Johnson v. Bugle Coat, Apron and Linen Service,* 191 Md. 268, 278, 60 A. 2d 686, 690, still such a bill would involve no pecuniary liability or turpitude on plaintiff's part.

At the argument plaintiff frankly admitted that banks do not like to be sued, however groundless the suit or innocent the ground of suit, and in court prefer to be plaintiffs rather than defendants. To recognize mere fear of suit as a ground of suit would pervert equity jurisdiction from preventing to causing multiplicity of suits.

The bill is not within jurisdiction of a court of equity over trusts and trustees. The bill shows, and it was admitted at the argument, that most of the information demanded is information received by plaintiff, not as trustee but in its individual capacity as a banking institution.

The Uniform Declaratory Judgments Act furnishes no more basis for the instant case than the inherent equity jurisdiction. The act provides for adjudicating rights in a way and at a time different from what is required by the old procedure; it does not create new substantive rights. In the instant case there is no mere procedural defect; there is no actual controversy, no substantive right at stake. The case is much ado about nothing—in that respect not wholly unlike a case forty-six years ago relating to the same trust estate. *Gottschalk v. Mercantile Trust & Deposit Co.,* 102 Md. 521, 62 A. 810. If Albert had made no defense at all, it is hardly conceivable that he would thereby have incurred any liability, costs or expense. However, as the bill is not only harmless but groundless, he is entitled to have it dismissed.

> *Order reversed, with costs, and bill dismissed.*