MARCELLE FLEISCHMANN FOUNDATION, INC.,
ET AL. *v.* FLEISCHMANN, ADMINISTRATOR

[No. 155, October Term, 1950.]

*Decided May 23, 1951.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, GRASON, HENDERSON and MARKELL, JJ.

*J. Paul Schmidt* and *Robert F. Skutch, Jr.*, with whom were *Leonard Weinberg* and *Weinberg & Green*, on the brief, for the appellants.

*J. Crossan Cooper, Jr.*, with whom were *Venable, Baetjer & Howard* on the brief, for the appellee.

HENDERSON, J., delivered the opinion of the Court.

This appeal is from an order of the Orphans' Court of Baltimore City dated January 10, 1951, directing that

the following issue be sent to the Superior Court of Baltimore City to be tried before a jury:

"Does Albert J. Fleischmann, administrator *pendente lite* of the estate of Lillie Fleischmann, deceased, conceal or have in his hands and omit to return in his inventory the proceeds or avails of any of the eighty-two items, listed by the complainants in their petition as having been wrongfully withdrawn from the bank account of Lillie Fleischmann, which at the time of her death were the property of the said Lillie Fleischmann? If so, specify which items."

The proceeding was instituted by petition charging concealment of assets by Albert J. Fleischmann, administrator *pendente lite,* praying that he be required to answer under oath, to return an additional inventory, and that he be removed as administrator *pendente lite.* The petition charged that Albert Fleischmann, individually, had been a confidential adviser to his mother for many years, holding a power of attorney over her bank account in the Mercantile Trust Company since 1943. The petition listed eighty-two cash withdrawals from this account during the period from May, 1930 to July, 1947. Lillie Fleischmann died January 15, 1948, leaving two sons as her only next of kin. Two different wills were produced and caveats were filed to each of them. Information as to the withdrawals from her bank account seems to have been obtained from the Trust Company following our decision in *Fleischmann v. Mercantile Trust Company,* 192 Md. 680, 65 A. 2d 182. The petition charged that these and other funds of the decedent were used for the purchase of securities and investments which do not appear in the inventory filed, and that there is a large amount of property, money, jewelry and other assets unaccounted for.

The administrator *pendente lite* filed a motion to dismiss on the ground of a lack of interest in the petitioners, which was granted as to Edwin M. Fleischmann. This ruling was reversed on appeal to the Superior Court. The administrator *pendente lite* then filed an answer cate-

gorically denying the charges of concealment and failure to account for property in his hands. The petitioners then filed a petition, to which the respondent objected, praying the following issues:

"(1) Did the said Albert J. Fleischmann, administrator *pendente lite,* receive property and assets belonging to the said Lillie Fleischmann, deceased, at the time of her death, which he now conceals and refuses to account for as part of the estate of the said Lillie Fleischmann, deceased?

(2) Did the said Albert J. Fleischmann, individually, during the lifetime of the said Lillie Fleischmann, deceased, receive property and assets belonging to the said Lillie Fleischmann, deceased, and belonging to the said Lillie Fleischmann, deceased, at the time of her death, which he now conceals and refuses to have accounted for as a part of the estate of said Lillie Fleischmann, deceased?

(3) What property and assets belonging to the said Lillie Fleischmann, deceased, at the time of her death, does the said Albert J. Fleischmann, individually, or as administrator *pendente lite,* now conceal and refuse to account for as part of the estate of the said Lillie Fleischmann, deceased?"

The appellants contend that the issue granted by the Orphans' Court was too narrow, in that it confined the inquiry to concealment by Albert Fleischmann, administrator *pendente lite,* and to the specific items of withdrawal set up in the petition by way of illustration. They urge that the issues should be as wide as the allegations of the petition permit. The appellee contends that this court lacks jurisdiction to entertain the appeal and that in any event the Orphans' Court properly confined the inquiry to the specific items alleged to be in the hands of the administrator *pendente lite.*

The petition was based upon Section 253, Article 93 of the Code (1939 ed.), which confers jurisdiction upon the Orphans' Court to hear and determine cases where it is alleged that an administrator "has concealed, or

has in his hands and has omitted to return in the inventory or lists of debts any part of his decedent's assets * * *." Section 254 provides that either party may require the court to "cause an issue or issues to be made up and sent to the circuit court for the county, or the superior court of Baltimore City, the court of common pleas, or the Baltimore City court, as the case may be, to be there tried and disposed of as other issues from the orphans' court; and either party to such bill or petition may appeal to the circuit court for the county, or the superior court of Baltimore City."

It has long been established that an appeal from an order dismissing a petition charging concealment, after hearing, lies only to the circuit court or superior court. *Worthington v. Herron*, 39 Md. 145; *Abbott v. Golibart*, 39 Md. 554; *Baker v. Forsythe*, 178 Md. 682, 16 A. 2d 921. In the case last cited Chief Judge Bond pointed out that the statutory provision is a survival of a once common practice, citing *Lammott v. Maulsby*, 8 Md. 5 (1855). The general right of appeal granted by Section 64, Article 5 of the Code is not applicable in such cases, and it has been said that the remedy set out in Section 254 is exclusive of all other appeals. It has also been held that there is no appeal to this court from an order requiring an administrator to answer a petition charging concealment. *Hignutt v. Cranor*, 62 Md. 216. The Orphans' Court has jurisdiction even where the administrator claims title. *Linthicum v. Polk*, 93 Md. 84, 48 A. 842. If the petition, however, combines matters other than those relating to concealment, such other matters may be the subject of appeal to this court. *Stonesifer v. Shriver*, 100 Md. 24, 59 A. 139; *Baldwin v. Hopkins*, 172 Md. 219, 191 A. 565.

In *McAvoy v. Renehan*, 116 Md. 333, 81 A. 673, it was held that an appeal to this court would not lie from the refusal of the Orphans' Court to receive the answer of an administrator and to grant his application for issues as to concealment to be sent to a court of law. It was said (p. 337) that the Orphans' Court "has a judicial

function to perform when issues to a court of law are demanded. * * * its action in deciding the question presented by the application is clearly within the bounds of its jurisdiction." The court further said: "If it had overruled the objection and granted the issues, its action would concededly have been reviewable only in the Circuit Court, and it is clear that the appeal from a contrary decision should have been directed to the same tribunal." In *Bowers v. Cook*, 132 Md. 432, 440, 104 A. 420, 423, it was held that although the administratrix "should have been notified of the issue proposed by the petitioners and given an opportunity to object to it, or to propose another issue in lieu thereof, and to exercise her right of appeal from the order of the Orphans' Court in reference thereto", she was guilty of laches in participating in the trial in the law court. The appeal to this court from an order of the Orphans' Court declining to rescind the issue after verdict, on the ground of surprise and fraud, was dismissed on the ground that the appeal under Section 254 "applies to every proceeding instituted under Sections [252 and 253] and is exclusive of all other appeals."

The appellants rely strongly upon the case of *Forsythe v. Baker*, 180 Md. 144, 23 A. 2d 36. In the previous case of *Baker v. Forsythe, supra,* this court held that an appeal would not lie from an order of the Orphans' Court dismissing a petition charging concealment, after hearing. While the appeal was pending, the Orphans' Court passed an order granting an issue which was transmitted to the law court. An appeal to this court from that order was dismissed, not on the ground that the appeal would not lie, but on the ground that it was not taken in time. A second appeal, from the action of the law court in declining to dismiss the issue after the Orphans' Court attempted to withdraw it, was dismissed on the ground that the law court had no right to reject the issue, and the Orphans' Court had no right to withdraw it after transmittal. This court did not discuss the contention made in the brief that the question

had been adjudicated by the Orphans' Court in the plenary proceeding, and hence that its order granting the issue was beyond its jurisdiction. Nor did this court cite the provision in Section 254 regarding appeal, or the *McAvoy* and *Bowers* cases. It did, however, cite the case of *Holland v. Enright,* 167 Md. 604, 608, 175 A. 466 and Id., 169 Md. 390, 395, 181 A. 836, for the proposition that "if either party desires to raise any question as to the propriety or regularity of the proceedings by which the issues were framed, or the sufficiency of the pleadings to support the issues, he can do so only by taking an appeal from the framing order to the court of appeals, for the question can be raised in no other way." [180 Md. 150, 23 A. 2d 38] The *Holland* case was a caveat, not a concealment, proceeding, and as authority for its statement in that case the court cited Section 64, Article 5 of the Code and *Little Sisters of the Poor v. Cushing,* 62 Md. 416, 421, another caveat case.

We think the decision in *Forsythe v. Baker* does not compel the conclusion that an appeal to this court will lie from a framing order by the Orphans' Court in a case of concealment. Since the appeal was not taken in time, it was unnecessary for the court to decide whether Section 254 is applicable in a case where the Orphans' Court attempted to reverse its final adjudication pending appeal to what proved to be the wrong tribunal. It was contended that the Orphans' Court exceeded its jurisdiction in granting an issue on a matter that was *res judicata.* The paraphrase of the language in the *Holland* case, which omits the significant phrase "any question as to the form of the issues" [167 Md. 608, 175 A. 468], may be an indication that the court was thinking in terms of the Orphans' Court's jurisdiction. Cf. *Fidelity Trust Company v. Barrett,* 186 Md. 483, 487, 47 A. 2d 72.

In the instant case the whole question is as to the form of the issues. Those proposed by the appellants were rejected, and it is difficult to differentiate this rejection from a dismissal of the petition. The appellants are not objecting to the issue granted, nor is there

a cross-appeal. The appellants merely object to the refusal to grant broader issues. We are left completely in the dark as to the reasons for the refusal. It may have been, as suggested by the appellee, because the petition fails to allege that property alleged to be missing is now in the hands of and concealed by the administrator *pendente lite*, and property received or disposed of by him individually in past years cannot be reached in this proceeding. It may be that the court felt that the appellants had not made an effort in good faith to particularize the missing property, or that the lengthy hearing over the disposal of the contents of the decedent's apartment convinced the court that there was no merit in the claim. But whether the decision was based on law or on fact, whether erroneous or correct, it was within its judicial function and we think its action is reviewable only under the provisions of Section 254.

*Appeal dismissed, with costs.*

MARKELL, J., filed the following dissenting opinion.

MARKELL, J., dissents on the ground that what was said in the *Baker* case was correct and should be followed, and the statutes, properly construed, do not produce the incongruous result of splitting appeals, in a case of issues tried before a jury, between the Superior Court, as to the form of the issues, and the Court of Appeals (under Art. 5, Sec. 5) as to the answers.