SILAS BALDWIN, Administrator, etc., *vs.* NOBLE L. MITCHELL, Administrator, etc.

*Executors and Administrators—Administrator Pendente Lite—Payment of Debts by Administrator Pendente Lite—Pleading in Orphans' Court—Appeal—Delay in Transmission of Record.*

Letters of administration *pendente lite*, issued when the validity of a will is contested, are revoked by the grant of letters testamentary or of administration.

An administrator *pendente lite* is vested with the powers and duties of a general administrator, except that he cannot make distribution. He may be required to discharge debts due by the decedent.

In the account stated by an administrator *pendente lite*, a certain sum of money was allowed for a debt alleged to be due by the decedent and payable under an agreement of the parties, and the balance of the estate was directed to be paid to the new administrator. The latter appealed from the order of the Orphans' Court making the allowance for the payment of the debt. Two petitions relating to the matter were filed in the Orphans' Conrt on the same day, no reference being made in either to the statements contained in the other, and the record on appeal contained no evidence. *Held,* that this Court cannot treat either petition as an answer so as to apply the rule that the averments of the answer are to be taken as true when the cause is heard on bill and answer, and that consequently the case must be remanded for further proceedings in the Court below.

Rule 16 of the Court of Appeals (*Code*, Art. 5, sec. 38), provides that no appeal shall be dismissed because the record was not transmitted within the time prescribed, if it shall appear to the Court that the delay was occasioned by the neglect, etc., of the officer whose duty it was to transmit the record, but that such neglect must be shown by the appellant. *Held,* that an affidavit by the Register of Wills that the record in an appeal from the Orphans' Court was not transmitted in time by reason of his own inability to complete it, with which the appellant had nothing to do, sufficiently meets the burden of proof put upon the appellant under the rule.

Appeal from the Orphans' Court of Harford County.

The cause was argued before McSherry, C. J., Fowler, Briscoe, Page, Roberts, Boyd and Russum, JJ.

*Stevenson A. Williams* (with whom was *Hugh J. Jewett, Jr.,* on the brief), for the appellant.

*George L. Van Bibber* and *Wm. H. Harlan,* for the appellee.

PAGE, J., delivered the opinion of the Court.

This appeal comes from the Orphans' Court of Harford County. It appears that pending a controversy as to the validity of the will of William Baldwin, deceased, Noble L. Mitchell was appointed administrator *pendente lite.* The time at which he was so appointed does not appear in the record. He possessed himself, however, of the assets, and paid certain debts of the deceased. On the 7th day of December, 1896, the Orphans' Court passed a decree setting aside the will, and ordering the costs of the contest to be paid out of the estate. Silas Baldwin was then appointed administrator to complete the settlement of the estate. On the fourteenth day of December Mitchell, the administrator *pendente lite,* filed his account. He charged himself with assets to the amount of $2,867.00-100 and claimed allowances for the expenses of his administration including commissions, the costs of the litigation, and for certain payments on account of the debts of the deceased. The appellant objected to the confirmation of the account, and from the action of the Court in overruling his objection, this appeal is taken. The objection extends only to the item of $500.00-100. "To Joseph E. Ashton per agreement."

It is contended that Mitchell being only an administrator *pendente lite* had no power *virtute officii,* to pay any of the debts of the deceased. In this State letters of administration *pendente lite* are granted, at the discretion of the Orphans' Court, where the validity of a will is, or shall be contested. *Code,* Art. 93, sec. 68. They confer authority only during the contest, and are to be regarded as revoked by the granting of letters testamentary or of administration —sec 69. There are no provisions in our statutes defining the powers of such an administrator, or establishing par-

ticular and exceptional rules for the discharge of his duties, as in the case of an administrator *ad colligendum*—secs. 61 to 64. The intention of our law, therefore, seems to be clear, that he must be subject to the same general rules as control general administrators. Within twelve months from the date of his letters, he must render his first account, and, if necessary, an additional account every six months thereafter. If his letters be revoked before the twelve months expire, he must then exhibit his account without delay, and hand over to the executor or new administrator all the property of the decedent in his hands. He may sue for the recovery of the assets and be sued for debts due from the decedent; and if such suits are still pending when his letters are revoked, the new administrator may prosecute or defend them—sec. 69. With powers and duties, such as these, no sufficient reason can be assigned why he shall not be required to discharge the decedent's debts, as other administrators are required. We are of opinion, therefore, that our statutes do not contemplate such an administrator as having been appointed for the special purpose only of taking care of the assets. The contest over the will, creates the necessity for a temporary administrator, but it by no means follows from this that it was intended that the assets of the estate should be locked up for the indefinite period during which the litigation should continue. An administrator *pendente lite* cannot make distribution of the residue, for the manifest reason that the manner of the distribution and the persons entitled to claim, would depend upon the provisions of the will, in case of the establishment of its validity. But no such reason applies to the discharge of the decedent's debts. That is in no wise dependent upon the issue of the contest over the will. The existence of the debts, the right of creditors to be paid out of the personal assets, are matters fixed by the law. It could serve no good purpose, but would be grossly unjust to compel creditors to await the determination of a suit, in which they are in no respect interested.

The case of *Kaminer* v. *Hope*, 18 S. C. 561, was cited at the hearing to support the view, that an administrator *pendente lite* has power only to collect and preserve assets. That case ought not, we think, be followed in this State, where, as we have said, there is a general intention to be gathered from our statutes, that he shall have the powers of a general administrator, except that of distribution. *Woerner* in his work on the *Law of Administrators*, after referring to that case, remarks : " The powers of an administrator *pendente lite* are enlarged by the *English Probate Act* (20 and 21 Vict., ch. 77, § 70 ; *Tichbone* v. *Tichbone*, L. R. 2 P. & D. 41), to include all the rights and powers of a general administrator, except the right of distributing the residue, and the tendency in America is in the same direction." He cites in support of this statement *Benson* v. *Wolf*, 43 N. J. L. 78–81. *In re Duncan*, 3 Redf. 153 ; *Codman* v. *Richards*, 13 Neb. 383. In *Ellmaker's case*, 4 Watts, 36, it was said : " An administrator *pendente lite* is an officer of the Court, whose duty is limited to filing an inventory, taking care of the assets, and collecting and *paying debts*." These views find support in the opinion of this Court in *ex parte Worthington*, 54 Md. 361. In speaking of the duties of an administrator *pendente lite*, ROBINSON, J., said : " It is the duty of such administrator to collect and preserve the property pending the litigation, and although he may sell the same or part of it to prevent loss or injury, or when it is necessary to pay debts, yet the law never contemplated that he should make a final settlement and distribution of the estate."

There appears in the record a copy of a paper that was filed in the suit at that time pending between the parties to this appeal. In that paper the parties agree " that the verdict of the jury on the issues shall be entered so that the will be set aside," and further, " that out of the estate shall be paid " the several sums therein stated, one of the items being as follows : " To Joseph E. Ashton in full for his and his family's and servant's services, nursing and attending to

William Baldwin—$500.00-100." There is some dispute whether this paper was offered in evidence at the hearing of the case in the Orphans' Court. It is conceded, however, that it was in fact read to the Court, and its genuineness is not questioned. The appellee contends the agreement is but a part of the compromise effected between the parties, by which the suit was terminated, and is, in fact, only a memorandum of the amounts which were to be paid. On the same day Mitchell exhibited his account in the Orphans' Court, both parties filed petitions, in which they respectively set forth their claims. The appellee in his petition, in which he prays the Court to confirm the account, alleges that the parties verbally agreed to terminate the suit, and thereby intended to settle and close all litigation over Mr. Baldwin's estate in which Ashton was concerned, and that the five hundred dollars he was to receive was allowed to him clear of all deductions, in consideration of his withdrawing all efforts to sustain the validity of the will. The appellant in his petition contends that Ashton is indebted to the estate, and such indebtedness should be accounted for before he is allowed to receive any part of the sum allowed by the agreement contained in the record. Beyond these allegations in the petitions, there is nothing touching the matter in issue in the record. We cannot regard either petition as an answer to the other, so that the rule laid down in *Mickle v. Cross*, 10 Md. 353, can be applied. The petitions were filed on the same day, and no reference was made in either to the statements contained in the other. If it were possible to take one as an answer to the other, it would be difficult to determine which petition is to be treated as the answer whose averments must be accepted as true. It is therefore impossible for this Court, in the present state of the record, to pass upon this question. We will therefore remand the case, so that the Orphans' Court, which has full power, may determine what was the extent of the agreement between the parties ; and if it shall find the appellant is not estopped by his agreement, may enquire whether Ashton is

in fact indebted to the estate and thereupon allow the claim of Ashton in whole or in part or reject the same, as the agreement of the parties or the evidence before them may warrant.

The motion to dismiss the appeal must be overruled. The sixteenth Rule is clear, that no appeal shall be dismissed because the transcript shall not have been transmitted within the time prescribed, if it shall appear to the Court that such delay was occasioned by the neglect, omission or inability of the officer whose duty it is to make it out and transmit it. But such neglect, omission or inability of the clerk shall not be presumed, but must be shown by the appellant. There are filed in this case three affidavits of the Register of Wills. By the first, it appears that the counsel for the appellant on the 23rd of December, 1896, nine days after the order appealed from was passed, and on the same day the appeal was entered, ordered the record to be made up and transmitted to this Court ; and that, later on, he inquired of the Register, if the record would be made out and transmitted within the time prescribed by law, and was told by the Register that he could not have it ready by that time, because of pressure of business, which required his attention. In the last affidavit filed, the Register further states, that the delay was his act with which the appellant or his counsel had nothing to do. This is not contradicted by anything now before the Court, and is sufficient to meet the burden of proof put upon the appellant. It shows that the delay was caused by the Register, for which the appellant is in no wise responsible.

> *Order reversed and case remanded*
> *for further proceedings in accord-*
> *ance with this opinion, with costs*
> *to the appellant.*

(Decided November 17th, 1897).