## S. DAVIES WARFIELD

*vs.*

## JOHN R. VALENTINE ET AL.

*Administrators pendente lite: duties and functions of—. Specific performance: parties; petition to rescind order making administrators parties. Appeals: when premature; final orders and decrees only.*

While not specially defined by statute, the intention of the law is that an administrator *pendente lite* is subject to the same general rules as control general administrators.        p. 592

But if his letters be revoked before the expiration of the twelve months from the date of his letters, he must then exhibit his account without delay, and deliver to the executor or new administrator all the property of the decedent in his hands.

p. 592

In case of specific performance, the general rule is that only those persons are proper parties who are parties to the contract, or those who have been substituted in their places as executors or heirs or personal representatives.        pp. 592-593

To a bill for specific performance an administrator *pendente lite,* appointed pending the caveat to the will of the vendor in a contract of sale, is a proper party, not because authorized to convey the real estate, but because he would be entitled to receive the money.        p. 594

A bill for specific performance was filed by the vendee against the vendor in a contract of sale; the purchaser of the property under another contract of sale was joined as party defendant, he having acquired the property, as was alleged in the bill, for the purpose of defrauding the plaintiff; as ancillary relief, the bill prayed injunction, etc., against the defendants; pending the proceedings, the defendant vendor died; a caveat to his will was filed, administrators *pendente lite* were appointed, and an order passed making them parties; the plaintiff then applied for the appointment of a receiver to take charge of the property, pending determination of the question of its ownership; no objection was made to the appointment; later the plaintiff, by petition, prayed that the order making the administrators parties might be rescinded, but before the court had acted upon his petition he, in effect, abandoned it, and entered an appeal for the purpose of having the order reviewed by the Court of Appeals: *Held,* that such a course was not in accord with the usual practice, and should not receive the approval of the Court of Appeals.                                    pp. 595-596

As the plaintiff had notice of the order complained of, and as the lower court, because of the appeal, had not passed upon his objections to the petition of the administrators *pendente lite,* and the order thereon, it was: *Held,* that the appeal was premature.                                                      p. 596

An order setting down for hearing a motion to dissolve an injunction is not such a final decree from which an appeal can be taken, under section 26 of Art. 5 of the Code.      p. 596

*Decided June 26th, 1917.*

Appeal from the Circuit Court for Baltimore County. (In Equity.)   (DUNCAN, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, URNER and STOCKBRIDGE, JJ.

*John B. Deming* and *George Whitelock* (with *Whitelock, Deming & Kemp* and *T. Scott Offutt* on the brief), for the appellant.

*Osborne I. Yellott* and *Frank Gosnell* (with *Marbury, Gosnell & Williams* and *Osborne I. Yellott* on the brief), for the appellees.

THOMAS, J., delivered the opinion of the Court.

This is the second appeal in this case. On November 1st, 1915, a bill of complaint was filed in the Circuit Court for Baltimore County by the appellant against Thomas H. Emory for specific performance of an alleged contract by which Emory sold to the plaintiff two farms or tracts of land in Baltimore County, containing in the aggregate seven hundred and seventy-five acres of land, more or less. John R. Valentine was made a party defendant in the bill because of the purchase by him of the property through an agent of Emory with the view, as alleged in the bill, of defrauding the plaintiff, and because of an alleged understanding between Valentine and the plaintiff that if either of them purchased the property "the other should be considered as having a share or interest in the same." The bill prayed, (1) for the specific enforcement of the alleged contract between the plaintiff and Emory; (2) or, in the event the Court should refuse that relief, that a decree be passed declaring that Valentine purchased the property in trust for himself and the plaintiff, and (3) that Emory and Valentine, and their servants, agents, etc., be enjoined until the further order of the Court from taking any steps to carry out the contract of sale between them. An order restraining and enjoining the defendants as prayed in the bill was passed by the Court on the day the bill was filed, and thereafter the defendants filed their answer admitting the contract of sale between the defendants, but denying the other averments upon which the plaintiff relied for relief.

The proceedings in the case from the filing of the bill to the date of the order for the present appeal are set out in the record of the former appeals of Theodore W. Forbes and Osborne I. Yellott, administrators *pendente lite,* and John R. Valentine, *ante,* page 397.

On the 6th of September, 1916, Theodore W. Forbes and Osborne I. Yellott, administrators *pendente lite,* filed a petition in the case alleging that Thomas H. Emory had died at Saranac Lake, New York, on the 15th of August, 1916, leaving a paper writing purporting to be his last will and testament; that before the will was admitted to probate by the Orphans' Court of Baltimore County a caveat thereto was filed by an uncle and two aunts of the deceased as his heirs at law and next of kin, and that the Orphans' Court of Baltimore County had appointed the petitioners administrators *pendente lite,* with authority to intervene in this case, and praying the Court to pass an order making them parties defendant. On the same day the Court below passed an order making them parties defendant in the case, "provided that a copy of this order shall be served upon the plaintiff or one of his counsel of record and also upon John R. Valentine or his counsel of record on or before the 12th day of September, 1916." A copy of the order was accordingly served on counsel of record for the plaintiff and on counsel for the defendant Valentine, on the 6th of September, 1916.

On the 8th of September, 1916, the plaintiff filed a petition against the administrators *pendente lite* and John R. Valentine, in which, after stating that Thomas H. Emory had died, and that a caveat had been filed to the paper purporting to be his last will and testament, he alleged that it was necessary in order to preserve the property that the farm be operated; that Forbes and Yellott should not be permitted to assume the control and management of the same, and that some competent and disinterested person should be appointed receiver to take charge of it; and thereupon the Court appointed the Safe Deposit and Trust Company of

Baltimore receiver to take possession of and to manage and operate the farm "until it shall have been determined who is entitled to the ownership thereof."

On the 21st of October, 1916, the Court below passed an order setting for hearing, on the 28th of October, 1916, a motion of the defendants to dissolve the injunction theretofore granted, and requiring a copy of the order to be served on the plaintiff on that day. On the 26th of October, 1916, the plaintiff filed a petition alleging that the order of September 6th, 1916, making the administrators *pendente lite* parties defendant, was passed "upon the *ex parte* application" of the said Forbes and Yellott; that "pending the determination of the controversy concerning said supposed will, it is impossible to determine who will be the holders of the legal title to said real estate from whom a conveyance must be made to your petitioner in the event that this Court shall decree the relief prayed in the bill of complaint, and therefore until the determination of said controversy it is also impossible for this Court to ascertain who are sufficient parties defendant in the room and stead of said decedent"; that the plaintiff was not notified of the passage of the order of the Orphans' Court of Baltimore County authorizing the administrators *pendente lite* to intervene in this case, "nor of the filing of any application or petition therefor, nor was he notified of the application of said Yellott and Forbes to be made parties hereto, nor of the passage of the order aforesaid making them parties until after the same had been passed"; that he had no opportunity to be heard in reference thereto, and that he "is advised that the passage of said order by this Court was improvident and inadvertent." The petition prayed for the "rescission" of the order of September 6th, 1916, and that the administrators *pendente lite* be dismissed as parties defendant. The Court passed an order setting the petition for hearing on the 28th of October, 1916, and on that day, and while the petition of the plaintiff for a "rescission" of the order of September 6th, 1916, making

the administrators *pendente lite* parties, and the motion to dissolve the injunction were still pending in the Court below, the plaintiff filed his order for the present appeal from the order of September 6th, 1916, and the order setting the motion to dissolve the injunction for hearing.

In the case of *Baldwin* v. *Mitchell,* 86 Md. 379, JUDGE PAGE, speaking, for this Court, said: "There are no provisions in our statutes defining the powers of" an administrator *pendente lite,* "or establishing particular and exceptional rules for the discharge of his duties, as in the case of an administrator *ad colligendum* (Code 1888, Art. 93) secs. 61 to 64. The intention of our law, therefore, seems to be clear, that he must be subject to the same general rules as control general administrators. Within twelve months from the date of his letters, he must render his first account, and, if necessary, an additional account every six months thereafter. If his letters be revoked before the twelve months expire, he must then exhibit his account without delay, and hand over to the executor or new administrator all the property of the decedent in his hands. He may sue for the recovery of the assets and be sued for debts due from the decedent; and if such suits are still pending when his letters are revoked, the new administrator may prosecute or defend them—sec. 69. With powers and duties, such as these, no sufficient reason can be assigned why he shall not be required to discharge the decedent's debts, as other administrators are required. We are of opinion, therefore, that our statutes do not contemplate such an administrator as having been appointd for the special purpose only of taking care of the assets." It is said in *Miller's Equity Procedure,* sec. 64: "In cases of specific performance the general rule is that only those persons are proper parties who are parties to the contract or those who have been substituted in their place as executors or heirs. This general rule, however, has been somewhat enlarged in its scope. If a purchaser assigns his entire interest in the contract of purchase, his assignee may

sue the vendor; the assignor is a proper party to such a suit. If the vendor conveys the property to a purchaser with notice, the latter is a necessary party defendant. * * * If the purchaser be dead, and the vendor sues for specific performance, the personal representative of the purchaser must be a party because the personal assets are primarily liable for the debt; and the heirs or devisees also, because the conveyance must be made to them. If the purchaser died and the heirs of the purchaser sue the vendor, the personal representative of the purchaser should also be a party, for the heirs are entitled to have the contract paid out of the personal estate. If on the other hand the vendor be dead, and his personal representatives seek a specific performance against the purchaser, the heir or devisee of the vendor should be a party; for he alone is competent to convey title. And if the vendor be dead, and the purchaser seeks a specific performance, the heirs or devisees of the vendor should be made parties." The same rules are recognized in 1 *Daniell's Ch. P. & P.,* star p. 285 (6th Am. Ed.), where it is further said: "Where the bill is filed to redeem a mortgage against the heir of a mortgagee, the personal representative must also be made a party to the suit, because, although the mortgagee upon paying the principal money and interest has a right to a reconveyance from the heir, yet the heir is not entitled to receive the money." In the case of *Stewart* v. *Griffith,* 217 U. S. 323, where the bill was filed by the executor of a deceased vendor for a specific performance of a contract for the purchase of certain land, the Supreme Court said: "It is urged that the probate of the will does not establish it conclusively as to real estate, and that the heirs might attack it hereafter, but it is answered that by the contract the land had become personalty as to them, and that therefore so far as this land is concerned the will is safe from collateral attack. Moreover, as it is clear that the estate has and is subject to a binding contract, it is hard to see how it matters to the heir who does the formal act of accomplishment so long as he is accountable to the Orphans' Court." Sec. 95 of Art. 16 of the Code pro-

vides for the appointment of a trustee to execute a deed de-
creed to be executed (*Hollander* v. *Central Metal Co.,* 109
Md. 131), and the general rule is that in proceedings for the
sale of real estate, all persons, who by any possibility, may
be entitled to an interest are proper parties. *Miller's Equity
Procedure,* sec. 67; *Handy* v. *Waxter,* 75 Md. 517. So if it
be conceded that the heirs at law, devisees or executor of a
deceased vendor are *necessary* parties to enable the Court to
decree specific performance of a contract of sale of land at
the suit of the purchaser, the authorities referred to would
seem to indicate that, pending a caveat to an alleged will of
the deceased vendor, the administrator *pendente lite* is at
least a *proper* party, not because he is authorized under Sec-
tion 81 of Article 16 of the Code to convey the real estate,
but because he would be entitled to receive the purchase
money, if specific performance of the contract is decreed
pending the caveat.

But we are not called upon in this case to pass upon the
right of the administrators *pendente lite* to be made parties
defendant, or to express an opinion in regard to the propriety
of the order of September 6th, 1916, making them parties.
It appears from the return of the Sheriff that a copy of the
order was served on counsel for plaintiff on the day the order
was passed. On the 8th of September the plaintiff filed a
petition against the administrators *pendente lite* and Valen-
tine for the appointment of a receiver to take charge of the
property, and no objection was raised to the order making
them parties until the petition of October 26th, 1916, was
filed by the plaintiff praying that the order be rescinded.
After having invoked the jurisdiction of the Court below to
review and rescind its order of September 6th, 1916, passed
without objection, the plaintiff, in effect, refused to submit
to its jurisdiction, and, abandoning his petition, enters an
appeal for the purpose of having the order reviewed by this
Court. The course pursued by the plaintiff is certainly not
in accord with the usual practice in this State, and is one,
we think, that should not receive the approval of this Court.

Section 4 of Article 16 of the Code provides that: "Any representative of a deceased party may appear and suggest in writing the death of the party under whom he claims, and be made a party in place of the person so dying, * * * on giving such notice to the opposite party as the Court may direct." And Section 36 of Article 5 of the Code provides: "On an appeal from a Court of Equity, no objection to the competency of a witness, or the admissibility of evidence, or to the sufficiency of the averments of the bill or petition, * * * shall be made in the Court of Appeals, unless it shall appear by the record that such objection was made by exceptions, filed in the Court from which such appeal shall have been taken." In the case of *Carrington* v. *Basshor Co.,* 121 Md. 71, this Court said: "The jurisdiction of a Court of Equity in this State, upon proper averments, to appoint receivers for a corporation is not and can not be questioned, and it is, therefore, obvious that had the Basshor Co. appealed from the orders referred to, independent of the fact that it consented to the orders, it would not have been allowed to object in this Court to the sufficiency of the averments of the bill or to the jurisdiction of the Court below. * * * Upon what principle then can the appellant escape the requirements of the rule? He was not a necessary party to the bill, and not having been made a party, it is true, that, so far as the record shows, he did not have an opportunity to resist the relief prayed prior to the orders of which he now complains. But after these orders were passed he was, upon his own application, made a party defendant, and if he had such an interest in the subject-matter of the suit as entitled him to defend it, and he desired to make the defense stated in his answer before taking his appeal, he should have applied to the Court below for a rescission of the orders upon those grounds. * * * Had he done so, and had the Court adopted his view of the bill, there would have been no occasion for this appeal. To permit him to make the objections now would require this Court, in the face of the statutes and the rules stated, to con-

sider questions that were not raised or determined in the lower Court." As the plaintiff had notice of the order complained of in this case, and as the lower Court, because of the present appeal, has not passed upon his objections to the petition of the administrators *pendente lite* and the order passed thereon, we think, upon the principle announced in *Carrington* v. *Basshor Co., supra,* that his appeal is premature.

It needs no citation of authority to show that the order of October 21st, 1916, setting the motion to dissolve the injunction down for hearing, is not within the provisions of Section 26 of Article 5 of the Code, authorizing an appeal from a final decree, or an order in the nature of a final decree, and it follows from what has been said that the appeal must be dismissed.

*Appeal dismissed, with costs.*