HUGHES *v.* McDANIEL, Administratrix
Pendente Lite

[No. 151, October Term, 1952.]

*Decided July 2, 1953.*

The cause was argued before SOBELOFF, C. J., and DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*James W. Hughes* for the appellant.

*Albert B. Mosebach,* with whom were *Brown & Mosebach* on the brief, for the appellee.

DELAPLAINE, J., delivered the opinion of the Court.

James W. Hughes, an attorney, of Elkton, brought this appeal from an order of the Orphans' Court of Cecil County discharging Alice L. McDaniel as executrix of the estate of her deceased husband, Marshall D. McDaniel, and discharging her bond, and granting her letters of administration *pendente lite* in that estate.

McDaniel owned a vested remainder estate in a tract of 1,368 acres of land in Cecil County. In January, 1932, he made a deed of trust of his property providing that upon his death the trust shall terminate and the *corpus* shall be delivered to such persons as he may by will appoint; and in default of such appointment the trustee shall deliver the *corpus* to the parties entitled to it under the laws of intestacy. On January 17, 1940, the Circuit Court for Cecil County appointed Hughes and Albert L. Constable as substituted trustees, and at Constable's death Hughes became the sole trustee.

On February 8, 1940, Hughes entered into an agreement with McDaniel and his wife whereby Hughes agreed to furnish to or procure for the McDaniels such funds as shall be agreed upon by the parties, and McDaniel agreed to execute a will leaving the *corpus* of the trust estate to his wife for life, and after her death to Hughes absolutely. On the same day McDaniel, in accordance with the agreement, executed his will devising the remainder estate to his wife for life and thereafter to Hughes absolutely.

McDaniel died on April 28, 1952, and his will was admitted to probate on May 16, 1952. The Orphans' Court granted letters testamentary to his widow and she qualified as executrix.

Mrs. McDaniel later decided to renounce all claim to the life estate given her by the will and to elect to take her widow's share allowed by the testamentary law of Maryland. Code 1951, art. 93, sec. 325. On July 28 she petitioned the Orphans' Court to allow her to resign as executrix. She alleged that she had not received or disbursed any money in behalf of the estate. The Court passed an order thereon that she be allowed to resign upon furnishing proof of publication of the allegations of the petition in a weekly newspaper published in Cecil County.

Hughes filed a protest that she should not be discharged until she had filed an account of all receipts and disbursements as required by the Maryland testa-

mentary statute. Code 1951, art. 93, sec. 41. He alleged that, in his capacity as trustee, he had paid her as executrix the sum of $800. He also alleged that she had received the further sum of $1,000 from Richard W. Jackson, Jr., for a portion of the land in the *corpus* of the trust. He claimed that she sold this lot of ground to Jackson under a power of sale in the will, and that she should report the sale to the Orphans' Court.

On October 15 Mrs. McDaniel filed an account charging herself with the receipt of only $800. She claimed credit for the following disbursements: expenses in last illness, $59; advertisement of notice to creditors, $8.75; real estate taxes, $381.32; funeral expenses, $676.99; monument, $229.50; total, $1,355.56. Thus she reported that her receipts were $555.56 less than disbursements.

Hughes excepted to the account because it failed to report receipt of $1,000 from the sale of land and to show that the executrix had paid the premium on her bond. Mrs. McDaniel answered that since she had not been authorized by the Orphans' Court to sell the lot, the sale was void and consequently no money was received by her as executrix from any sale. The Court held that the sale was made without any order of Court authorizing it, and therefore she could not be required to account for "an act that she did not commit as executrix."

As we have decided on the appeal from the decree of the Circuit Court for Cecil County that McDaniel's will is void, *Hughes v. McDaniel,* 202 Md. 626, 98 A. 2d 1, we hold the alleged sale of land void, because the entire tract of land was an asset of the trust estate and passed directly to the persons designated by the deed of trust. Moreover, because of the invalidity of the will, Hughes has no standing to raise the question of the obligation of the executrix named therein to account for the alleged proceeds of sale. We accordingly affirm that part of the order which revokes Mrs. McDaniel's letters testamentary. From what we have said it is obvious that there was no obligation on Mrs. McDaniel as executrix to pay

the taxes on the real estate, as the real estate was not a part of the estate in the Orphans' Court.

We now pass to that part of the order which grants to Mrs. McDaniel letters of administration *pendente lite.* She alleged in her application: (1) that the bulk of her husband's estate consists of the trust estate, of which Hughes is trustee; (2) that Hughes has not filed in the Circuit Court any account of rents and sales since 1947; (3) that irregularities in the administration of the trust have been brought to her attention and that only by an accounting can an inquiry therein be made; (4) that litigation of the charge, if successful, will enhance the value of the estate in the Orphans' Court; and (5) that a disclosure of irregularities may also lead to the filing of a caveat. She asked the Court to appoint her administratrix *pendente lite* to enable her to secure an accounting from the trustee, collect the rents and otherwise preserve the estate.

As this Court has decided to annul the will, Mrs. McDaniel could not be appointed either administratrix *cum testamento annexo* or administratrix *pendente lite. Baldwin v. Mitchell,* 86 Md. 379, 38 A. 775. If there is any estate to be administered upon, Mrs. McDaniel may be appointed administratrix. Code, 1951, art. 93, sec. 22.

> *Order affirmed in part and reversed in part, and case remanded, the costs to be paid by appellant.*